NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK MAYES, | No. 19-36097 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00700-RSM |
| v. | |
| ANGIE RAYFIELD, Representative; SEIU LOCAL 6, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Mark Mayes appeals pro se from the district court's summary judgment in his action alleging claims under Title VII, 42 U.S.C. § 1981, and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Leong v. Potter*, 347 F.3d 1117, 1123-24 (9th Cir. 2003). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment for defendant Service Employees International Union, Local 6 ("SEIU Local 6") on Mayes's Title VII and § 1981 claims because Mayes failed to raise a genuine dispute of material fact as to whether he was a victim of intentional discrimination by his union. *See Beck v. United Food & Com. Workers Union, Loc. 99*, 506 F.3d 874, 882-85, 884 n.4 (9th Cir. 2007) (discussing the analytical framework applicable to a Title VII discrimination claim against a union; explaining that "a union member must . . . introduce evidence that the member 'was singled out and treated less favorably than others similarly situated on account of race'" (citation omitted)); *El–Hakem v. BJY Inc.*, 415 F.3d 1068, 1074 n.2 (9th Cir. 2005) ("[T]he 'legal principles guiding a court in a Title VII dispute apply with equal force in a § 1981 action.'" (citation omitted)).

The district court properly granted summary judgment for SEIU Local 6 on Mayes's duty of fair representation claim because Mayes failed to raise a genuine dispute of material fact as to whether SEIU Local 6's conduct was arbitrary, discriminatory, or in bad faith. *See Beck*, 506 F.3d at 879-80 (discussing requirements for a breach of duty of fair representation claim by a union member; plaintiff has burden of proving such a breach).

The district court did not abuse its discretion by denying Mayes's motion for reconsideration because Mayes presented no basis for reconsideration. *See Sch.*

19-36097

*Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Mayes's request to stay appellate proceedings (Docket Entry No. 14) is denied.

**AFFIRMED.**